NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 14 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DANIEL CARLOS GARCIA, | No. 17-16883 |
| Plaintiff-Appellant, | D.C. No. 3:10-cv-02424-SI |
| v. | |
| CITY OF SANTA CLARA; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Submitted June 11, 2019[**]
San Francisco, California

Before: GOULD, IKUTA, and R. NELSON, Circuit Judges.

Daniel Garcia appeals the district court's order granting summary judgment

to Santa Clara police officers on his 42 U.S.C. § 1983 unlawful arrest and use of

force claims. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The district court did not err by granting summary judgment to the officers

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

on Garcia's unlawful arrest claims. Santa Clara police officers had probable cause to arrest Garcia on suspicion of violating California Penal Code § 602(o), which makes it a misdemeanor to "[r]efus[e] or fail[] to leave" property "not open to the general public." Garcia contends that officers had no probable cause to arrest him under this statute because hotels are open to the general public. *See In re Cox*, 3 Cal. 3d 205, 216 (1970). He argues that the applicable statute is California Penal Code § 602.1, which makes it a misdemeanor to "intentionally interfere[] with any lawful business" in places "open to the public."

We reject Garcia's argument that California Penal Code § 602(o) does not apply. A hotel room—to which access is controlled by a registration process and a key—is not open to the general public as that term is used in California Penal Code § 602(o).[1] Summary judgment was proper because the officers had probable cause to arrest Garcia under § 602(o). *See Yousefian v. City of Glendale*, 779 F.3d 1010, 1014 (9th Cir. 2015) ("The absence of probable cause is a necessary element of § 1983 false arrest and malicious prosecution claims.").

Even if Garcia were correct that California Penal Code § 602.1 should be considered to be the controlling and applicable statute, summary judgment would

---

[1] We reject Garcia's argument that the Unruh Act is irreconcilable with such a holding, as the Unruh Act subjects violators to civil liability for arbitrary discrimination. California Civil Code § 51 *et seq*. Section 602(o) does not imbue a hotel owner with a right to arbitrarily and discriminatorily evict a paying tenant.

still be proper. The officers knew that there was a loud party in Garcia's hotel room and that the occupants had refused to quiet down even after hotel security asked them to do so. The officers also knew that the occupants had refused to leave the hotel when hotel security told them they were evicted. These facts, combined with the officers' impressions when they arrived at the scene, are sufficient to establish probable cause that Garcia was trespassing under California Penal Code § 602.1. *See Devenpeck v. Alford*, 543 U.S. 146, 153 (2004) (holding that when the facts known to the officer provide probable cause to arrest for an offense, the officer's "subjective reason for making the arrest need not be the criminal offense as to which the known facts provide probable cause").

Finally, we note that even if officers did not have probable cause to arrest Garcia under either statute, summary judgment would still have been proper because the officers are entitled to qualified immunity. At minimum, the officers had a reasonable belief that there was probable cause to arrest Garcia under § 602(o). *Rosenbaum v. Washoe Cty.*, 663 F.3d 1071, 1076 (9th Cir. 2011). Even if a trespassing conviction under § 602(o) would have ultimately been unsuccessful, there was no clearly established law to alert the officers that Garcia could not have been trespassing under the circumstances. *See Blankenhorn v. City of Orange*, 485 F.3d 463, 476 (9th Cir. 2007).

2. The district court did not err by granting summary judgment to defendants

3

on Garcia's excessive force claim relating to Garcia's arrest in the hotel hallway. Under the Fourth Amendment, police officers making an arrest can use only an amount of force that is objectively reasonable under the circumstances. *Tennessee v. Garner*, 471 U.S. 1, 7–8 (1985). To determine whether the force used in any given circumstance was reasonable, the court must balance "'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing government interests at stake." *Graham v. Connor*, 490 U.S. 386, 396 (1989) (quoting *Terry v. Ohio*, 392 U.S. 1, 8 (1968)). Here, the undisputed facts show that Garcia resisted arrest and attempted to punch and kick the officers while the officers were trying to subdue him. The relatively mild force that was used by law enforcement, which included a leg sweep, control holds, and a punch to the face, was reasonable under the circumstances. Apart from Officer Lange's reasonable use of force to pull Garcia into the hallway, all other force used was in direct response to Garcia's efforts to resist arrest.

3.     Because the district court properly concluded that the officers had probable cause to arrest Garcia, Garcia's argument that we must vacate the jury's verdict on his remaining use of force claims necessarily fails.

        **AFFIRMED**

4